IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| EL CARTEL RECORDS, INC., LOS CANGRIS, INC.<br>Plaintiffs<br><br>v.<br><br>MIREDDYS GONZÁLEZ-CASTELLANOS<br>AYEICHA GONZÁLEZ-CASTELLANOS<br>Defendants | CIVIL NO. 25-1399 (SCC)<br><br>Nature of Claims: Computer Fraud and Abuse Act-18 U.S.C. § 1030, Injunctive Relief; Stored Communications Act-18 U.S.C. §§ 2701 & 2707, Injunctive Relief<br><br>Jury Trial Demanded |

**SUPPLEMENTAL BRIEF IN COMPLIANCE WITH ORDER
AS TO *COLORADO RIVER* ABSTENTION ISSUE**

**Come now** Plaintiffs, El Cartel Records, Inc. and Los Cangris, Inc. (collectively, "Plaintiffs"), through the undersigned counsel, and respectfully state and pray as follows:

**I.   Introduction**

In compliance with the Court's order issued during the August 14, 2025 preliminary injunction hearing, Plaintiffs submit the instant supplemental brief with respect to the issue of abstention under the doctrine set out by the Supreme Court in *Colorado River Water Conservation District v. United States*, 424 U.S. 800 (1976). Plaintiffs reiterate, and adopt by reference herein, the arguments made in their Opposition to Motion to Dismiss (Docket No. 28) as well as those made during the oral argument held during the hearing. This supplemental brief squarely addresses two issues: (a) the fact that Defendants consented to having two preliminary injunction orders entered against them (Docket Nos. 34 and 35) further militates against the abstention defense; and (b) the argument raised by Defendants during the hearing – to wit, that this case should be deemed as a "parallel case" to the Carolina litigation because both involve a "breach of fiduciary duties" by "stockholders" – should be rejected because (1) as a threshold matter, none of the pleadings in this case identify the Defendants as being "stockholders"; and (2) assuming for the sake of

argument that any of the Defendants was a "stockholder" of any of the Plaintiff corporations, Defendants' argument nevertheless fails because, under Puerto Rico corporate law, a mere "stockholder" of a corporation – who is not also a director or officer – has no "fiduciary duties" towards the corporation.

For these reasons, which are explained in further detail below, Plaintiffs reiterate their request that the Court decline to exercise abstention.

## II.   Argument

**A. Defendants' acquiescence to the issuance of preliminary injunction orders further militates against the defense.**

"[A]bstention is a waivable defense." *Guillemard-Ginorio v. Contreras-Gómez*, 585 F.3d 508, 517 (1st Cir. 2009) (collecting cases), and, as this Court has held relying on First Circuit precedent, "[a]bstention is prudential, not jurisdictional." *Concilio de Salud Integral de Loiza, Inc. v. Municipio de Río Grande*, Civ. No. 21-1510 (SCC), 2022 U.S. Dist. LEXIS 226829, at *5 (D.P.R. Dec. 15, 2022) (citing *Chico Serv. Station, Inc. v. SOL P.R.*, 633 F.3d 20, 31 (1st Cir. 2011)) (explaining "[a]bstention is, at its core, a prudential mechanism that allows federal courts to take note of and weigh significant and potentially conflicting interests that were not—or could not have been—foreseen by Congress at the time that it granted jurisdiction"). One way in which a party can waive an abstention argument is "by expressly urging the federal court to address the merits" of the claim before the Court. *Barichello v. McDonald*, 98 F.3d 948, 955 (7th Cir. 1996) (relying on *Ohio Civil Rights Comm'n v. Dayton Schools*, 477 U.S. 619, 626 (1986)). It can also be waived when a party agrees to have a consent order entered against it, as long as the consent order does not expressly preserve the defendant's right to raise such a defense. See. e.g*., Joseph A. v. Ingram*, 275 F.3d 1253, 1265-1266 (10th Cir. 2002).

In the situation at bar, Defendants **agreed** to two consent Orders with respect to the

preliminary injunction, both of which, as relevant here, contain the following language: "Defendants, without admitting **any liability, fault, or wrongdoing**, accept that the Court enter this Order." (Docket Nos. 34 and 35) (emphasis ours). Notably, that language merely saves Defendants' right to defend themselves as to the substantive merits of the allegations raised against them in this case, but it does not preserve their right to raise defenses that involve challenging the Court's ability to hear the case, such as abstention. Thus, while Defendants initially moved for the Court to abstain, the fact that they **subsequently** agreed to have two preliminary injunction orders entered against them should lead this Court to consider whether that constitutes a waiver or forfeiture of the defense. In any event, regardless of whether the defense is preserved at this stage of the proceedings, since abstention is a *prudential* matter that can only be exercised in *exceptional* circumstances, the question that the Court would nevertheless have to now ask itself is whether it would be prudent to abstain from this case when Defendants have already agreed to having two consent orders issued against them with respect to the preliminary injunction. Plaintiffs posit that the answer is clearly no. As explained during the hearing, the Carolina litigation is in its nascent stage: the Answer to Complaint was only filed last Friday, August 22, 2025. Abstaining from this case – where, on the contrary, Plaintiffs have already obtained substantial relief in the form of those two orders – would be highly detrimental to Plaintiffs and would certainly not be the most prudent course to follow at this stage of the proceedings.

Accordingly, Defendants' acquiescence to the issuance of the injunction orders should, at the very least, be deemed as an additional basis to tilt the prudential balance against the abstention defense.

**B. Defendants' newfound argument – that the cases are "parallel" because both involve breach of "fiduciary duties" by "stockholders" – is both beyond the scope of the pleadings and flagrantly contrary to Puerto Rico corporate law.**

As was made clear during the oral argument portion of the preliminary injunction hearing held on August 14, 2025, the Carolina litigation seeks relief for breaches of **fiduciary duties** – that is, for actions in which Defendants engaged when they were **corporate officers** – while this litigation does not seek relief for breaches of fiduciary duties and is limited to actions in which Defendants engaged **after their removal as corporate officers**.

This case asserts independent statutory claims under the Computer Fraud and Abuse Act ("CFAA") and the Stored Communications Act ("SCA"), **which require proof of unauthorized access to protected computers or stored communications, intent to cause damage, and resulting loss**. These elements are wholly distinct from the duties and causation principles at issue in a fiduciary duty claim. And, although the federal complaint alleges that the deletion of company emails and files also constituted a breach of fiduciary duty, that allegation is consistent with the state case's view of the facts and serves to provide context, not to create an overlapping claim for damages. In the federal action, the deletions are actionable because they satisfy the CFAA's and SCA's statutory requirements; in the state action, they are actionable only insofar as they constitute a breach of fiduciary duty or serve as Rule 404(b) evidence of earlier misconduct.

Faced with these arguments, at the hearing, Defendants raised the rather remarkable contention that the Carolina litigation and this case should be viewed as "parallel cases" because, even if Defendants had already been removed as "corporate officers" when they engaged in the acts for which relief is sought in this case, they were still "stockholders" at the time that they engaged in such acts, and "stockholders", they say, also have "fiduciary duties." This argument "errs in so many respects that it is hard to know where to begin." *In re Conde-Vidal*, 818 F.3d 765, 766 (1st Cir. 2016).

As a threshold matter, the Complaint before this Court says absolutely nothing about who is (or are) the "stockholders" of the Plaintiff corporations. While co-defendant Mireddys González-Castellanos has provided different arguments in that regard throughout the cases, we will not entertain the matter as it is irrelevant for the purposes of the instant case. As such, even assuming for the sake of argument that she is a "stockholder" and that, as such, there is some sort of "fiduciary duty" towards the corporation in which she purportedly owns stock, the Court does not have before it any sort of pleading that could lead it to conclude anything in that respect.

But even assuming for the sake of argument that the Court assumed as true that Defendants, despite having been removed as "corporate officers", were "stockholders" at time in which they engaged in the acts for which relief is sought in this case, their argument fails because a stockholder who is not an officer has no fiduciary duty whatsoever towards the corporation in which he or she owns stock. Plaintiffs are hereby attaching a certified translation of the Puerto Rico Supreme Court's decision in *Rivera Sanfeliz v. Firstbank Corporate Board of Directors*, 193 D.P.R. 38 (2015), where the court, relying on multiple provisions of the Puerto Rico General Law of Corporations, particularly its Article 4.03, made clear that "**directors and officers**" are the ones who actually have fiduciary duties towards a corporation. The same conclusion has been reached by the Court of Chancery of Delaware, which, as is well known, is a highly relevant and persuasive authority for purposes of Puerto Rico corporate law matters. See, e.g., *Basho Technologies Holdco B, LLC v. Georgetown Basho Investors, LLC*, C.A. No. 11802-VCL, 2018 Del Ch. LEXIS 222, at *59, 2018 WL 3326693 (Jul. 6, 2018) ("Georgetown was a stockholder, and **that status alone does not give rise to fiduciary duties**. Instead, **stockholders are the beneficiaries of the fiduciary duties owed by the corporation's directors and officers**.") (emphasis ours).

Of course, it is possible for a stockholder to **also** be a corporate "director" and/or "officer,"

5

in which case the stockholder has fiduciary duties towards the corporation, not because of being a stockholder but because of being a director and/or officer. But there is no authority under the applicable law holding that, by merely being a stockholder, a person has "fiduciary duties" towards a corporation. Not only is our view supported by the applicable law, but it also makes complete sense: a person who is just a stockholder and holds no other position with the corporation is someone who merely expects to receive a monetary sum at some point in time, usually in the form of dividends, of whatever earnings the corporation obtains. But a person in that position has no affirmative "duties" towards the corporation, much less a "fiduciary duty" under Puerto Rico corporate law.

Thus, the Court should reject Defendants' argument on this front.

**Wherefore**, Plaintiffs very respectfully reiterate their request that the Court decline to exercise abstention in the instant case.

**We hereby certify** that on this date, the foregoing was electronically filed with the Clerk of the Court using CM/ECF system, which will send notification of such filing to counsel of record.

**Respectfully submitted**, this 25th day of August, 2025.

*Attorneys for Plaintiffs*



PO Box 195075
San Juan, PR 00919-5075
Tel.: (787) 523-3434; Fax: (787) 523-3433

s/VÍCTOR O. ACEVEDO HERNÁNDEZ
USDC-PR No. 227813
vacevedo@cstlawpr.com

s/JUAN J. CASILLAS AYALA
USDC-PR NO. 218312
jcasillas@cstlawpr.com

s/JUAN C. NIEVES GONZÁLEZ
USDC-PR No. 231707
jnieves@cstlawpr.com