IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| EL CARTEL RECORDS, INC.,<br>LOS CANGRIS, INC.,<br>Plaintiffs,<br><br>v.<br><br>MIREDDYS GONZÁLEZ-CASTELLANOS,<br>AYEICHA GONZÁLEZ-CASTELLANOS,<br>Defendants. | CIVIL NO. 25-1399 (SCC)<br><br>**Nature of Claim:** Computer Fraud and Abuse Act-18 U.S.C. § 1030, Injunctive Relief; Stored Communications Act-18 U.S.C. §§ 2701 & 2707, Injunctive Relief<br><br>Jury Trial Demanded |

## MOTION REQUESTING ORDER

Comes now Plaintiffs El Cartel Records, Inc. ("El Cartel") and Los Cangris, Inc. ("Los Cangris"), through the undersigned counsel, and respectfully states and prays as follows:

On August 14, 2025, this Court ordered that:

Defendants must make all possible efforts to return or restore to Plaintiffs all emails and files that they deleted or removed from mireddys@cartelrecords.com, and Defendants must make all possible efforts to return or restore to Plaintiffs all records in Defendants' possession that were deleted or removed from mireddys@cartelrecords.com including but not limited to those in email accounts, internet-connected computers, servers and smartphones used for corporate purposes which include Ayeicha Gonzalez-Castellanos' iPad, Ayeicha Gonzalez-Castellanos' cell phone with IMEI number 354347187572470 and any other cellphone that has replaced or was being used in substitution for that device, Ayeicha Gonzalez-Castellanos' laptop, Mireddys Gonzalez-Castellanos' laptop, Mireddys Gonzalez-Castellanos' cellphone IMEI number 352206205277990 and any other cellphone that has replaced or was being used in substitution for that device, mireddys@yahoo.com, mireddys1@gmail.com, and agc2006@gmail.com, and any and all back-ups of such phones and laptops.

On August 29, 2025, the extraction of six devices and the email accounts identified in the Court's order was completed. The parties have agreed that the next step is to confer

regarding how **the content** of the extracted data will be reviewed. Plaintiffs, however, request that the extracted data be immediately examined to determine whether any files, emails, or other information were deleted on or after December 20, 2024, before such discussions occur. Defendant Mireddys Gonzalez-Castellanos opposes this request, insisting that examination be delayed until review protocols are negotiated. While Defendant Mireddys Gonzalez-Castellanos agreed to examine the devices for any data deleted since August 14, 2025—the date the Court entered the Order—this approach is inadequate because it places any data deleted after December 20, 2024, at risk of becoming permanently unrecoverable. Immediate examination is therefore necessary to preserve potentially critical evidence.

      This urgency is heightened by cloud syncing and data retention policies. Data deleted from mobile devices or computers may still reside in cloud storage temporarily, but cloud providers enforce automatic deletion or retention periods—after which recovery is impossible. Learn about retention for SharePoint and OneDrive (August 29. 2025), https://learn.microsoft.com/en-us/purview/retention-policies-sharepoint#how-retention-works-for-sharepoint-and-onedrive; Google Vault Help, How retention works (August 29, 2025), https://support.google.com/vault/answer/2990828?hl=en; How long does Dropbox keep my deleted files and information? (August 29, 2025), https://help.dropbox.com/account-settings/data-retention policy#:~:text=Dropbox%20Basic%2C%20Plus%2C%20and%20Family,account%20and%20delete%20your%20files; What does iCloud back up? (August 29, 2025), https://support.apple.com/en-us/108770#:~:text=If%20you%20turn%20off%20iCloud,180%20days%20before%20being%20deleted; Delete files or recover deleted files in the Files app on your iPhone or iPad (August 29, 2025), https://support.apple.com/en-

us/104953#:~:text=When%20you%20delete%20files%20from,or%20files%20in%20iCloud%20Drive. Once retention windows expire, the data is irretrievable. Immediate examination is therefore essential to preserve potentially critical evidence before it is lost permanently.

Significantly, Plaintiffs are bringing in an expert from outside of Puerto Rico who was present during the download of the devices to assist with verification of any deleted files. The expert will be available on Tuesday to perform the search. Accordingly, Plaintiffs request that the Court order the downloaded data to be immediately examined for any deletions occurring on or after December 20, 2024.

This date is particularly relevant because Defendants unequivocally lacked authorization to access any protected computers on or after December 20, 2024. Their authority to access such computers was formally terminated when the corporate managerial role was relinquished and control of the corporations transferred to Ramon Ayala-Rodriguez. As the Supreme Court explained in *Van Buren v. United States*, 593 U.S. 374, 390 (2021), on December 20, 2024, the gate was down, and Defendants no longer had authority to access Plaintiffs' protected computers. Therefore, the purpose of the extraction and search of the devices and accounts—to preserve any data belonging to Plaintiffs that Defendants deleted from Plaintiffs' protected computers in violation of the Computer Fraud and Abuse Act and the Stored Communications Act—would be undermined if the devices and accounts are not immediately examined for any deletions during the relevant time period. Delays risk permanent loss of deleted data, which could become irretrievable with the mere passage of time.

**WHEREFORE**, Plaintiff respectfully requests that this Court order the immediate examination of the extracted data to determine whether any files, emails, or other information were deleted on or after December 20, 2024.

**WE HEREBY CERTIFY** that on this date, the foregoing was electronically filed with

the Clerk of the Court using CM/ECF system, which will send notification of such filing to counsel of record.

      **RESPECTFULLY SUBMITTED** In San Juan, Puerto Rico, this 29th day of August 2025.

*Attorneys for Plaintiffs*



_____
www.CSTLAWPR.com
PO Box 195075
San Juan, PR 00919-5075
Tel.: (787) 523-3434
Fax: (787) 523-3433

*s/VÍCTOR O. ACEVEDO-HERNÁNDEZ*
USDC-PR No. 227813
vacevedo@cstlawpr.com

*s/JUAN J. CASILLAS-AYALA*
USDC-PR NO. 218312
jcasillas@cstlawpr.com

*s/JUAN C. NIEVES GONZÁLEZ*
USDC PR No. 231707
jnieves@cstlawpr.com

4