IN THE UNITED STATES COURT
FOR THE DISTRICT OF PUERTO RICO

|  |  |
|---|---|
| EL CARTEL RECORDS INC. AND LOS CANGRIS INC., <br><br> Plaintiffs, <br><br> v. <br><br> MIREDDYS GONZÁLEZ-CASTELLANOS AND AYEICHA GONZÁLEZ-CASTELLANOS, <br><br> Defendants. | CIV. NO.: 25-1399 (SCC) |

**OPINION AND ORDER**

Mireddys González-Castellanos and Ayeicha González-Castellanos (collectively, "Defendants"), move the Court to either dismiss or stay this case on abstention grounds under the *Colorado River* doctrine, *Colo. River Water Conservation Dist. v. United States*, 424 U.S. 800 (1976). Docket Nos. 16, 43. They claim that since the factual predicate underpinning the claims advanced in a suit filed by Ramón L. Ayala Rodríguez, in his personal capacity and as representative of El Cartel Records Inc. and Los Cangris Inc., against the Defendants in the Puerto Rico Court of First Instance, Carolina Part,[1] mirrors the one in this case, this Court should decline to exercise jurisdiction. El Cartel Records Inc. and Los Cangris Inc. (collectively, "Plaintiffs"), disagree. Docket Nos. 28, 44. According to

---

[1] For ease of reference, throughout this Opinion and Order, this case will be referred to as the "State Court Case."

| EL CARTEL RECORDS INC. AND LOS CANGRIS V. MIREDDYS GONZÁLEZ-CASTELLANOS AND AYEICHA GONZÁLEZ-CASTELLANOS | Page 2 |
|---|---|

Plaintiffs, the two cases are distinguishable, as the State Court Case entails breach of fiduciary duty claims under Puerto Rico corporations law while the instant case gives rise to claims under two federal statutes, namely, the Computer Fraud and Abuse Act ("CFAA") and the Stored Communications Act ("SCA").

"The baseline, of course, is that 'federal courts have a strict duty to exercise the jurisdiction that is conferred upon them by Congress.'" *Forty Six Hundred LLC v. Cadence Educ., LLC*, 15 F.4th 70, 74 (1st Cir. 2021) (quoting *Quackenbush v. Allstate Ins. Co.*, 517 U.S. 706, 716 (1996)). In their Complaint, Plaintiffs allege their claims under the CFAA and SCA raise a federal question which supplies the basis for this Court's subject-matter jurisdiction. Docket No. 2, pgs. 2, 3. Based on that jurisdictional allegation, which has not been challenged by the Defendants, at this procedural juncture, the Court could find the subject-matter jurisdiction inquiry satisfied and proceed to hear this case. Defendants, however, ask this Court to depart from the "baseline rule" and abstain from hearing this case under *Colorado River*.

The *Colorado River* doctrine "addresses situations in which there are parallel state and federal proceedings and

considerations of wise judicial administration counsel against duplicative lawsuits." *Chico Serv. Station, Inc. v. Sol Puerto Rico Ltd.*, 633 F.3d 20, 26 n. 10 (1st Cir. 2011) (cleaned up). The First Circuit has identified "at least eight non-exhaustive factors that are considered under th[e] [*Colorado River*] doctrine[.]" *Bacardi Intern. Ltd. v. V. Suárez & Co., Inc.*, 719 F.3d 1, 14 n. 17 (1st Cir. 2013). Defendants concede that four out of the eight factors do not apply. *See* Docket No. 43, pg. 2.[2] So, the Court's analysis is circumscribed to the following four factors: (1) "the desirability of avoiding piecemeal litigation;" (2) "the order in which the forums obtained jurisdiction;" (3) "the adequacy of the state forum to protect the parties' interests;" and (4) "the vexatious nature of the federal claim[.]" *Bacardi Intern. Ltd.*, 719 F.3d at 14 n. 17. The Court considers these four factors in turn.

As to the first factor, avoidance of piecemeal litigation, the First Circuit has explained that "[d]ismissal is not warranted simply because related issues otherwise would be

---

[2] The eight factors include: "(1) whether either court has assumed jurisdiction over a *res*; (2) the [geographical] inconvenience of the federal forum; (3) the desirability of avoiding piecemeal litigation; (4) the order in which the forums obtained jurisdiction; (5) whether state or federal law controls; (6) the adequacy of the state forum to protect the parties' interests; (7) the vexatious or contrived nature of the federal claim; and (8) respect for the principles underlying removal jurisdiction." *Rio Grande Cmty. Health Ctr. v. Rullan*, 397 F.3d 56, 71-72 (1st Cir. 2005).

| EL CARTEL RECORDS INC. AND LOS CANGRIS V. MIREDDYS GONZÁLEZ-CASTELLANOS AND AYEICHA GONZÁLEZ-CASTELLANOS | Page 4 |
|---|---|

decided by different courts, or even because two courts otherwise would be deciding the same issues." *KPS & Assocs., Inc. v. Designs by FMC, Inc.*, 318 F.3d 1, 10 (1st Cir. 2003). Instead, it has instructed courts to bear in mind that "concerns about piecemeal litigation should focus on the implications and practical effects of litigating suits deriving from the same transaction in two separate fora, and weigh in favor of dismissal only if there is some exceptional basis for dismissing one action in favor of the other." *Id.* at 10–11 (cleaned up). Simply put, the primary concern is whether "piecemeal adjudication gives rise to special complications." *Rojas-Hernández v. Puerto Rico Elec. Power Auth.*, 925 F.2d 492, 496 (1st Cir. 1991). Following the First Circuit's guidance, the Court finds that there is no risk of piecemeal litigation in this case. Indeed, certain allegations included in this case track those included in the State Court Case, which Plaintiffs concede, *see* Docket No. 28, pg. 22. But that is where the similarities end, as the allegations in both cases give rise to distinct causes of action. At the end of the day, Defendants have not directed the Court to (and the Court has not identified) any special complication that may arise with the separate adjudication of the State Court Case and the instant case.

| EL CARTEL RECORDS INC. AND LOS CANGRIS V. MIREDDYS GONZÁLEZ-CASTELLANOS AND AYEICHA GONZÁLEZ-CASTELLANOS | Page 5 |
|---|---|

Next, the Court considers the timing of the filing of the suits. When evaluating this factor, the Court must "measure which action—the suit in the federal court or that in the state court—is the most advanced in a 'pragmatic, flexible manner, with a view to the realities of the case at hand.'" *Elmendorf Grafica, Inc. v. D.S. America (East), Inc.*, 48 F.3d 46, 52 (1st Cir. 1995) (quoting *Moses H. Cone Mem'l Hosp. v. Mercury Constr. Corp.*, 460 U.S. 1, 21 (1983)). Here, it is undisputed that the State Court Case was filed first. Defendants informed that an answer to the complaint was filed in the State Court Case, Docket No. 44, pg. 3, but no further information regarding the procedural status of the case has been provided. Meanwhile, in this case, the record reflects that the parties reached an agreement regarding the production of certain documents and agreed to consolidate the preliminary injunction with the trial on the merits. Docket No. 51. The Court therefore understands that both cases appear to be advancing. To that end, this factor does not tilt the balance in favor of any side and does not present an exceptional circumstance that would require the Court to abstain from hearing this case.

Next, the Court evaluates whether the state forum is a proper forum. "State and territorial courts are normally

competent to hear cases that involve federal interests." *Valle-Arce v. Puerto Rico Ports Authority*, 585 F.Supp.2d 246, 253 (D.P.R. 2008). However, there are no federal claims in the State Court Case. Rather, it exclusively involves Puerto Rico corporate law. Given the absence of any federal claim in the State Court Case, the Court need not entertain whether the state court is a proper forum.

Lastly, the Court must assess whether the filing of the instant suit was vexatious or contrived. This factor drives at Plaintiffs' motives for filing this suit. *See Villa Marina Yacht Sales, Inc. v. Hatteras Yachts*, 915 F.2d 7, 15 (1st Cir. 1990). Defendants' briefs provided a detailed picture of the handful of suits that have been filed by the parties in state court. Those filings hint at the existence of an acrimonious relationship between the parties. But other than those filings, no evidence has been advanced to show that the instant case was vexatiously filed. More fundamentally, here, the Court already ran a plausibility analysis and denied Defendants' request to dismiss the Complaint on failure to state a claim grounds. *See* Docket No. 51. This further bolsters the Court's conclusion, at this time, that the filing of the instant Complaint was neither vexatious nor contrived.

| EL CARTEL RECORDS INC. AND LOS CANGRIS V. MIREDDYS GONZÁLEZ-CASTELLANOS AND AYEICHA GONZÁLEZ-CASTELLANOS | Page 7 |
|---|---|

Ultimately, "the *Colorado River* test loads the dice with a presumption in favor of assuming jurisdiction, which can be overcome only by the clearest of justifications displayed by exceptional circumstances." *Maldonado-Cabrera v. Anglero-Alfaro*, 26 F.4th 523, 528 (1st Cir. 2022) (cleaned up). At bottom, after considering the four factors under which the Defendants framed their request, the Court has not identified any such exceptional circumstance that would warrant abstention under *Colorado River* and call for either the dismissal or stay of the captioned case. Accordingly, Defendants' motion at Docket No. 16 is hereby **DENIED.** Defendants shall answer the Complaint on or before **November 20, 2025.**

IT IS SO ORDERED.

In San Juan, Puerto Rico, this 5th day of November 2025.

S/ SILVIA CARREÑO-COLL
UNITED STATES DISTRICT COURT JUDGE
